UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **CARROL CESSAC** | **CIVIL ACTION NO. 6:12-cv-0679** |
|     **LA. DOC #549317** | |
| **VS.** | **SECTION P** |
| | **JUDGE RICHARD T. HAIK, SR.** |
| **STEVE RADER, WARDEN** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Carrol Cessac filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on March 15, 2012. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Dixon Correctional Institute, Jackson, Louisiana. Petitioner attacks his 2009 conviction for attempted aggravated rape and the 45 year sentence imposed thereafter by the Fifteenth Judicial District Court, Vermilion Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time barred by the provisions of 28 U.S.C. §2244(d).

*Background*

Petitioner was originally charged with 30 criminal offenses charged under Docket Numbers 41960, 41958, 41959, 41961, 41992 and 46894 of the Fifteenth Judicial District Court. Petitioner's trial commenced on January 27, 2009; during jury selection, petitioner indicated a

desire to accept a plea offer.[1] Pursuant to the plea agreement, petitioner pled no contest to one count of attempted aggravated rape under Docket Number 41960, and all remaining charges and counts were dismissed. The factual basis for the plea was articulated by the prosecutor as follows, "The State would show that, on or about March of 2004, Mr. Cessac ... did attempt to commit aggravated rape upon a juvenile whose date of birth would have been 3-13-97, that being in violation of Louisiana Revised Statute 14:42, with the attempt modified at 27." Thereafter, and in further accord with the plea agreement, petitioner was sentenced to serve 45 years at hard labor without benefit of parole. [Doc. 1-2, pp. 15-24]

Petitioner did not appeal his conviction and sentence. On June 3, 2009 he filed a motion for reconsideration of sentence pursuant to La. C.Cr.P. art. 881.1(3); on June 5, 2009 his motion was denied. On July 9, 2009 he filed a Motion to Vacate Illegal Sentence; it was denied by the district court on July 13, 2009. On July 31, 2009 petitioner sought review of that judgment by filing an application for supervisory writs in the Third Circuit Court of Appeals. The application was assigned Docket Number KH09-00915 and was denied on November 9, 2009. [Doc. 1-2, p. 4] On November 17, 2009 he filed an application for writs in the Louisiana Supreme Court [Doc. 1-2, p. 14]; his writ application was denied on November 12, 2010. *State of Louisiana ex rel. Carrol Cessac v. State of Louisiana*, 2009-2666 (La. 11/12/2010), 49 So.3d 884.

He filed the instant petition on March 15, 2012 and provided a copy of the Supreme Court writ application as his brief in support of his petition for *habeas corpus*. [Doc. 1-2, pp. 1-14]

---

[1] See plea transcript at Doc. 1-2, p. 17 wherein the Court addressed petitioner as follows, "In fact, your decision to plead was made just a few minutes ago while we were in the process of picking a jury." To which petitioner responded in the affirmative.

*Law and Analysis*

*1. Timeliness under § 2244(d)(1)(A)*

This petition was filed after the April 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*.

---

[2] Nothing of record suggests that the limitations period should be reckoned as provided by 28 U.S.C. §2244(d)(1)(B), (C), or (D) in that petitioner has not alleged the presence of state created impediments to filing; nor does his claim arise as a result of a newly recognized Constitutional right; nor does it involve the recent discovery of the factual predicate of his claims.

*Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], when the delays for seeking direct review lapsed. Petitioner pled guilty and was sentenced on January 27, 2009. Under the provisions of La. C.Cr.P. art. 914, petitioner had a period of 30 days or until February 27, 2009, within which to file a Motion for Appeal.[3] Since petitioner's judgment of conviction and sentence became final under the AEDPA on or about February 27, 2009, he had one year, or until on or about February 27, 2010 to file his federal *habeas corpus* petition.

Beginning in June 2009, petitioner filed post-conviction motions collaterally attacking his conviction and sentence, and it appears that those motions remained pending until November 12, 2010 when the Louisiana Supreme Court denied writs. *State of Louisiana ex rel. Carrol Cessac v. State of Louisiana*, 2009-2666 (La. 11/12/2010), 49 So.3d 884. Petitioner's AEDPA limitations period was thus tolled pursuant to §2244(d)(2) from June 2009-November 2010. However, approximately 3 months of the limitations period expired before he filed his first motion in June; and thereafter, a period of 16 months expired un-tolled between the date the Supreme Court denied writs and the date he filed the instant petition for *habeas corpus*. Since more than 1-year elapsed un-tolled between the date his judgment of conviction became final and the date he filed his petition for *habeas corpus*, the petition is time-barred by the provisions of 28 U.S.C. §2244(d).

---

[3] La. C.Cr.P. art. 914(b)(1) provides, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

*2. Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing thus far alleged supports equitable tolling of the statute of limitations in the instant case.  The petitioner has not alleged that he was actively misled by the state of Louisiana; nor has he alleged that he was prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.  The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A).  Equitable tolling does not apply.[4]

---

[4] Of course, this is a recommendation, and, as instructed below, petitioner may object to the recommendation. Should he choose to do so, he is encouraged to provide evidence and argument to support any claim that his federal *habeas corpus* was timely or, that he is otherwise entitled to the benefits of statutory or equitable tolling.

*3. Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28

U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

  In Chambers, Lafayette, Louisiana 7th day of May, 2012.

                _____
                PATRICK J. HANNA
                UNITED STATES MAGISTRATE JUDGE